IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 98-137 |
| | ) | Civil No. 15-1504 |
| JOHN J. FLICK | ) | |

### MEMORANDUM AND ORDER OF COURT

Presently before the court is an uncontested motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 36) filed by John J. Flick ("defendant") in the above-captioned case. Defendant's motion will be granted.

On August 20, 1998, a grand jury returned a fourteen-count indictment against defendant charging him with 5 counts of bank robbery, 5 counts of armed bank robbery, 2 counts of use of a firearm during a crime of violence and 2 counts of possession of a firearm by a convicted felon. On February 25, 1999, defendant pled guilty to all 5 counts of armed bank robbery (counts 2, 4, 6, 8 and 11) and to one count of use of a firearm during a crime of violence (count 9). On June 2, 1999, defendant was sentenced by this court to a term of imprisonment of 235 months, consisting of 175 months at each of counts 2, 4, 6, 8 and 11, all to be served concurrently, and 60 months at count 9, to be served consecutively to the 175- month terms imposed at counts 2, 4, 6, 8, and 11, with the combined total of 235 months to be served consecutively to a sentence to be imposed by the Pennsylvania Board of Probation and Parole.[1]

---

[1] The Judgment further provided that upon release from imprisonment defendant shall serve a term of supervised release of 5 years, consisting of 5 years at each of counts 2, 4, 6, 8 and 11, and 3 years at count 9, all to be served concurrently. In addition, defendant was ordered to pay restitution in an amount of $55,085.00 and a special assessment of $600. Counts 1, 3, 5, 7, 10, 12, 13 and 14 were dismissed upon government motion.

In a letter dated May 5, 2015, the United States Department of Justice ("DOJ") advised the United States Attorney for this district that a review by the DOJ and FBI into microscopic hair comparison reports undertaken by FBI Laboratory examiners prior to December 31, 1999,[2] had determined that an expert's report relating to the charges at counts two and four in the present case contained a number of erroneous statements. Specifically, the DOJ review revealed that the microscopic hair comparison analysis set forth in the expert's report contained statements that "exceeded the limits of the science" in three enumerated ways, rendering the report invalid. *See* Exhibit 1 to Document No. 37.

Defendant avers that his decision to enter a guilty plea was based in part on the since discredited expert report, which erroneously had concluded that hair samples relating to the robberies charged at counts two and four "are consistent with originating from John Flick." Accordingly, defendant argues that his convictions at counts 2 and 4 are unconstitutional and, pursuant to 28 U.S.C. §2255,[3] he seeks relief from the sentence imposed on June 2, 1999.

The government concedes that the microscopic hair comparison analysis in question is invalid and does not object to the granting of defendant's motion. In light of the erroneous report, the parties jointly have submitted that a proper resolution of this matter would be for the court to vacate the 235-month term of imprisonment imposed on June 2, 1999, and re-sentence defendant to a total term of imprisonment of 222 months, to be followed by a term of supervised release of

---

[2] After December 31, 1999, mitochondrial DNA testing became routine.

[3] A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a).

2

five years under the same terms and conditions originally imposed on June 2, 1999. The parties also have agreed that defendant should be given credit for time already served.

The court finds the parties' proposed resolution to be reasonable, and will grant the relief requested.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 7th day of January, 2016, upon due consideration of the uncontested motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 36), filed on behalf of John Flick, for the reasons set forth in the memorandum above, IT IS ORDERED that the uncontested motion be, and the same hereby is, **granted;** and,

IT FURTHER IS ORDERED that defendant's convictions at Counts 2 and 4, and the sentences imposed at those counts, be, and the same hereby are, **vacated;** and,

IT FURTHER IS ORDERED that the total term of imprisonment of 235 months imposed by this court on June 2, 1999, be, and the same hereby is, **vacated;** and,

IT FURTHER IS ORDERED that an amended judgment shall be entered re-sentencing defendant to a term of imprisonment of **222 months**, consisting of 162 months at each of counts 6, 8 and 11, to be served concurrently, and 60 months at count 9, to be served consecutively to the 162-month terms imposed at counts 6, 8, and 11, with the combined total of 222 months to be served consecutively to the sentence to be imposed by the Pennsylvania Board of Probation and Parole. Upon release, defendant shall serve a term of supervised release of 5 years, consisting of 5 years at each of counts 6, 8 and 11, and 3 years at count 9, all to be served concurrently, under

3

the same terms and conditions previously imposed on June 2, 1999. Defendant shall pay a special assessment of $400. No fine. No costs.; and,

IT FURTHER IS ORDERED that defendant shall be given credit for time already served; and,

IT FURTHER IS ORDERED that in all other respects, the Judgment imposed by this court on June 2, 1999, shall remain in full force and effect.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Shaun E. Sweeney
Assistant U.S. Attorney

Jay J. Finkelstein
Assistant Federal Public Defender

AO 72
(Rev. 8/82)